IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID R. PUCKETT, | ) CASE NO. 1:11 CV 1913 |
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| | ) MEMORANDUM OF OPINION |
| RICHLAND COUNTY COMMISSIONERS, *et al.*, | ) |
| Defendants. | ) |

*Pro se* Plaintiff David R. Puckett filed the above-captioned action under 42 U.S.C. § 1983 against the Richland County Commissioners, Richland County Sheriff J. Steve Sheldon, Richland County Chief Deputy Sheriff Dale Fortney, and Richland County Jail Administrator Joe Masi. In the Complaint, Plaintiff objects to conditions of his confinement. He seeks monetary and injunctive relief.

**Background**

Plaintiff is an inmate in the Richland County Jail. He raises six objections to conditions at the jail. First, he claims inmates there are denied access to the courts. He states that pretrial detainees do not have access to legal information or supplies. Instead, an attorney visits the jail on a regular basis. Second, he contends there is not a uniform grievance procedure in the jail. He indicates grievance forms are sometimes unavailable. When they are submitted, they are occasionally returned without a signature or address. He contends there is no time frame for

answering grievances and no written appeals process. Third, he alleges pretrial detainees charged with misdemeanors are housed with pretrial detainees charged with felonies. He claims the classification system is not based on security levels of the inmates. Fourth, he indicates the jail is overcrowded and some inmates must sleep on the floor. Fifth, he contends pretrial detainees are denied participation in religious services. Finally, he complains that the recreation schedule is not being followed on a consistent basis. Plaintiff asks that the Court order the United States Marshals inspect the facility to assure it complies with appropriate standards for correctional facilities, and award him unspecified monetary damages.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### Discussion

As an initial matter, Plaintiff has not alleged that any of these Defendants participated in the actions that form the basis of this Complaint. To establish individual liability of any Defendant, Plaintiff must allege facts to clearly show that the Defendant was personally involved in the activities alleged to be unconstitutional. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). He does not have to include detailed factual allegations, but his Complaint must suggest more than a sheer possibility that a particular Defendant has acted unlawfully. *Iqbal*, 129 S.Ct. at 1949. Where a Complaint pleads facts that are "merely consistent with" a Defendant's liability, it fails to state a claim against that Defendant. *Id.* Plaintiff does not indicate how each of the individual Defendants participated in the actions or decisions that form the basis of his civil rights claims. Absent this information, he cannot hold them individually liable for damages.

Moreover, even if Plaintiff had alleged facts to suggest the Defendants could be held individually liable, the has not stated a viable legal claim upon which relief may be granted. First, he claims jail inmates are denied access to the courts because they do not have a way to obtain legal materials without assistance. To state a claim for denial of access to the courts, Plaintiff must allege particular actions of Defendants prevented him from pursuing or caused the rejection of a specific non-frivolous direct appeal, habeas corpus petition, or civil rights action. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The right of access to the courts is directly related to an underlying claim, without which a Plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Plaintiff must therefore "plead and prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). In order words, he must demonstrate "actual injury" by showing that his underlying claim was non-frivolous, and that it was frustrated or impeded by Defendants. *Lewis*, 518 U.S. at 353. "It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the Complaint...." *Christopher*, 536 U.S. at 415.

Here, Plaintiff alleges only in general terms that pretrial detainees do not have access to a law library or other materials. This is insufficient to state a claim. An inmate cannot establish an actual injury simply by stating his prison's legal assistance program is sub-par in some theoretical sense. *Lewis*, 518 U.S. at 351. The inmate must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. *Id.* at 353. There are no such allegations in the Complaint.

Plaintiff next contends the jail does not have a uniform grievance policy. There is, however, no constitutionally protected right of access to a jail or prison grievance procedure. *Walker v.*

*Michigan Dept. of Corrections*, No. 04-1347, 2005 WL 742743, at *4 (6th Cir. April 1, 2005); *see Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988).

Moreover, although security classification, overcrowded conditions, and lack of consistent recreation can under some circumstances violate the Fourteenth Amendment[2], Plaintiff has not alleged sufficient facts to demonstrate that the Defendants violated this right. Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments. A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will violate the constitution. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence.

---

[2] These claims generally arise under the Eighth Amendment; however, the Eighth Amendment's protections apply specifically to post-conviction inmates. S*ee Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir.1992). The Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees. *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir.1994); *see also Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir.1988) (stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard).

*Id.* A prison official violates the Eighth and Fourteenth Amendments only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

As a threshold matter, Plaintiff fails to establish the objective component of his claim. While the conditions he describes can be restrictive and even harsh, they do not constitute cruel and unusual punishment unless they deprive the inmate of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347. Plaintiff does not allege he personally experienced these conditions. He also does not allege with any specificity that he was actually denied essential food, basic sanitation, or which placed his safety substantially at risk. Allegations of general discomfort do not rise to the level of an Eighth Amendment violation. *Id.*

Moreover, Plaintiff does not allege that any of the Defendants satisfied the subjective component. To do this, he must show, at a minimum, that the Defendants were deliberately indifferent to the conditions of his confinement. An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Farmer*, 511 U.S. *at* 837. A prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Mere negligence will not suffice. *Id.* at 835-36. There are no facts alleged in the Complaint to reasonably suggest the Defendants were aware of the situations described and made a conscious decision to disregard s substantial risk that serious harm could befall the Plaintiff.

Finally, Plaintiff alleges, "pretrial detainees are being denied participation in religious services." (ECF #1 at 5.) He does not explain that statement, nor does he indicate he has ever been denied the ability to practice his religion.

Because incarceration necessarily places limits on an inmate's freedoms, a delicate balance has been struck between the exercise of prisoners' constitutional rights and the legitimate security concerns of prison administrators. *In O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). While inmates retain protections afforded by the First Amendment, including freedom of religion, prison administrators are given "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

To evaluate a claim for denial of free exercise of religion, the Court must first determine if the prison's action "substantially burdened" Plaintiff's sincerely-held religious beliefs. *Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir.2001). A "substantial burden" has more than an incidental effect on religious exercise. *See Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 450 (1988). To meet this standard, the policy must place significant pressure on an inmate to modify his behavior and violate his religious beliefs. *Id.* If the practice does not "substantially burden" a sincerely-held tenet of Plaintiff's religion, the claim must be dismissed.

Even if a prison's policy is found to place a substantial burden on a sincerely-held belief of Plaintiff's religion, the policy will be upheld as long as it is "reasonably related to legitimate penological interests." *Turner*, 482 U.S. at 89. Because the prison administrators are given appropriate deference, prisoners are not automatically entitled to the best possible means of exercising their religion. *Weinberger v. Grimes*, No. 07-6461, 2009 WL 331632, at *4 (6th Cir. Feb. 10, 2009).

Here Plaintiff does not allege enough facts to set forth a claim for denial of religion. He does not indicate what the prison is doing that could be considered to place a substantial burden on a

-7-

sincerely held tenet of his religion. He does not state how often this occurs and the reason given for the actions. There is no allegation in the Complaint which reasonably suggests Plaintiff's First Amendment rights were violated.

### Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: January 6, 2012

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-8-